[No. 3533.]

## J. B. Lindsey *v.* The State.

1. Slander — Construction of the Codes. — Article 645 of the Penal Code, which creates and defines the offense of slander, is not to be construed to include or apply to defamatory language used in the course of a judicial proceeding. The object of its enactment was merely to make it a penal offense to impute want of chastity to a female, and to bring the offense within the law governing slander and libel. A construction that it applies to language used in judicial proceedings would make the enactment violative of an established public policy; and such a construction, when avoidable, will not be given to any statute.

2. Same — Case Stated. — Information charged that appellant unlawfully, etc., imputed to a certain female a want of chastity, by going before a justice of the peace and voluntarily making a false affidavit in which he charged that she was a common prostitute. The affidavit is set out in the information, and is a sworn complaint in due form of law. *Held*, that the information charges no offense against the law, and the trial court erred in overruling the defendant's exception to it on that ground.

Appeal from the County Court of Mitchell. Tried below before the Hon. J. M. Pearson, County Judge.

All matters of fact involved in the rulings are sufficiently disclosed in the opinion of the court.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. It is charged in the information that the defendant unlawfully, falsely, maliciously and wantonly imputed to Mrs. E. J. Harris, a female, a want of chastity, by going before a

Opinion of the court.

justice of the peace and voluntarily making a false affidavit in which he charged that she was a common prostitute. The affidavit is set out in the information, and appears upon its face to be a complaint in due form of law, subscribed and sworn to by the defendant before a justice of the peace of Mitchell county, charging said Mrs. E. J. Harris with being a vagrant, to wit, a common prostitute. Exceptions to the indictment were made and overruled, and the defendant was convicted and fined $100.

It was not contemplated by the Legislature that article 645 of the Penal Code, which creates and defines the offense of slander, should include words spoken or written in the course of a judicial proceeding, as in this instance. At common law, "no action will lie for defamatory statements made or sworn to in the course of a judicial proceeding before any court of competent jurisdiction. Everything that a judge says on the bench, or a witness in the box, or counsel in arguing, is absolutely privileged, so long as it is any way connected with the inquiry. So are all documents necessary to the conduct of the cause, such as pleadings, affidavits, and instructions to counsel. This immunity rests on obvious grounds of public policy and convenience." (Odgers on Libel and Slander, p. 186; 1 Starkie on Slander and Libel, 246.) And "every affidavit sworn in the course of a judicial proceeding before a court of competent jurisdiction is absolutely privileged, and no action lies therefor, however false and malicious may be the statements made therein." (Odgers on Slander and Libel, p. 191.)

And our statute creating and defining the offense of libel expressly provides that "No statement made in the course of a legislative or judicial proceeding, whether true or false, although made with intent to injure and from malicious purposes, comes within the definition of libel." (Penal Code, art. 641.) Such was the common and statutory law existing when article 645 of the Penal Code was enacted, and it must be presumed that in enacting that article the Legislature did not intend to take away the immunity secured to judicial proceedings; but that it was only intended to bring the imputation of the want of chastity to a female within the law governing slander and libel, and make it a penal offense. If this article was intended to embrace defamatory words spoken or written in the course of a judicial proceeding, it would be contrary to public policy, and the courts should not presume that the Legislature intended a result which would be against public policy, and should not construe a statute so as to produce such a result where such a construction can be avoided.

We are clearly of the opinion that the facts stated in the information do not constitute the offense created by article 645 of the Penal Code, and the exceptions to the information should have been sustained. The judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered May 23, 1885.]